ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 4 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRYAN GALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO._____ |
| ) | 1:12-CV-3334 TWT |
| CAPITAL MANAGEMENT SERVICES, ) | |
| L.P. ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

1

## PARTIES

4. Plaintiff, Bryan Gales, ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Cherokee, and City of Canton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Capital Management Services, L.P. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with the collection of an alleged debt in default (the "Debt"), Defendant placed a call to Plaintiff's residence on July 10, 2012, and at such time, left the following pre-recorded voicemail message:

> This message is for Bryan Gales. If you are not Bryan Gales please hang up or disconnect. If you are Bryan Gales please continue to listen to this message. By continuing to listen to this message you acknowledge you are Bryan Gales.

12. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's residence on July 11, 2012, and at such time, left the following pre-recorded voicemail message:

> This message is for Bryan Gales. If you are not Bryan Gales please hang up or disconnect. If you are Bryan Gales please continue to listen to this message. By continuing to listen to this message you acknowledge you are Bryan Gales.

13. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's residence on July 16, 2012, and at such time, left the following pre-recorded voicemail message:

> This message is for Bryan Gales. If you are not Bryan Gales please hang up or disconnect. If you are Bryan Gales please continue to listen to this message. By continuing to listen to this message you acknowledge you are Bryan Gales.

14. In connection with the collection of the Debt, Defendant placed a call

to Plaintiff's residence on July 27, 2012, and at such time, left the following pre-recorded voicemail message:

> This message is for Bryan Gales. If you are not Bryan Gales please hang up or disconnect. If you are Bryan Gales please continue to listen to this message. By continuing to listen to this message you acknowledge you are Bryan Gales.

15. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's residence on July 31, 2012, and at such time, left the following pre-recorded voicemail message:

> This message is for Bryan Gales. If you are not Bryan Gales please hang up or disconnect. If you are Bryan Gales please continue to listen to this message. By continuing to listen to this message you acknowledge you are Bryan Gales.

16. In leaving the above voicemail messages, Defendant failed to notify Plaintiff that the communication was from a debt collector.

17. In leaving the above voicemail messages, Defendant failed to disclose its true corporate or business name in a telephone call to Plaintiff.

18. By failing to disclose that the communication was from a debt collector, and by failing to disclose its true corporate or business name in its voicemail messages, Defendant failed to meaningfully disclose its identity to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

19. Plaintiff repeats and re-alleges each and every factual allegation contained above.

20. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningfully disclosing the caller's identity in connection with the collection of a debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

21.  Plaintiff repeats and re-alleges each and every factual allegation contained above.

22.  Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23.         Plaintiff is entitled to and hereby demands a trial by jury.

This  18  day of September, 2012.

                              ATTORNEYS FOR PLAINTIFF
                              BRYAN GALES

                              Respectfully submitted,

                              _____
                              Craig J. Ehrlich
                              Georgia Bar No. 242240
                              WEISBERG & MEYERS, LLC
                              5025 N. Central Ave. #602
                              Phoenix, AZ 85012
                              (888) 595-9111 ext. 250
                              (866) 842-3303 (fax)
                              cehrlich@attorneysforconsumers.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

                                        Respectfully submitted,

                                        _____
                                        Craig J. Ehrlich
                                        Georgia Bar No. 242240
                                        WEISBERG & MEYERS, LLC
                                        5025 N. Central Ave. #602
                                        Phoenix, AZ 85012
                                        (888) 595-9111 ext. 250
                                        (866) 842-3303 (fax)
                                        cehrlich@attorneysforconsumers.com